IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


LISA L. RITTER,             )
                                     )
           Plaintiff,        )
                                     )
    -vs-                   )         Civil Action No. 18-893
                                     )
NANCY A. BERRYHILL,     )
ACTING COMMISSIONER OF SOCIAL  )
SECURITY,              )
                                     )
           Defendant.    )

AMBROSE, Senior District Judge.

## OPINION AND ORDER


### Synopsis

      Plaintiff Lisa L. Ritter ("Ritter") seeks judicial review of the Social Security

Administration's denial of her claim for supplemental security income ("SSI"). Ritter

alleges a disability onset date of January 1, 2014. (R. 15) The ALJ denied her claim

following a hearing at which both Ritter and a vocational expert ("VE") appeared and

testified. Ritter then appealed. Before the Court are the parties' cross-motions for

summary judgment. *See* ECF Docket Nos. 11 and 13. For the reasons set forth below,

the ALJ's decision is affirmed.[1]

### Opinion

1. Standard of Review

---

[1] As noted by the ALJ, and not contested by Ritter, the only period that is properly at issue here relates from
September 13, 2014 onward. (R. 15)

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995

(1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. <u>The ALJ's Decision</u>

As stated above, the ALJ denied Ritter's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Ritter had not engaged in substantial gainful activity since the application date. (R. 17) At step two, the ALJ concluded that Ritter suffers from the following severe impairments: diabetes mellitus with neuropathy, impaired intellect and learning disability. (R. 17) At step three, the ALJ concluded that Ritter does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-20) Between steps three and four, the ALJ found that Ritter has the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 20-25) At step four, the ALJ found that Ritter has no past relevant work. (R. 25) At the fifth step of the analysis, the ALJ concluded that, considering Ritter's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 25-26) As such, the ALJ concluded that Ritter was not under a disability during the relevant period of time. (R. 26-27)

III. <u>Discussion</u>

(1) Step Three - Listings

As stated above, at the third step of the analysis, the ALJ determined that Ritter did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ considered Listing 9.00, Listing 11.14,[2] and Listing 12.05. (R. 18-20) Ritter contends that the ALJ should have considered Listing 12.11 as well, and that he erred in failing to do so.

After careful consideration, I disagree. As the Third Circuit Court states, "[i]n determining whether a claimant has met his burden of showing that his impairment meets or equals a listed impairment, it is the Commissioner's duty to first identify and specify those listings that potentially apply to the claimant's impairments." *Mann v. Commissioner of Social Sec. Admin.*, 638 Fed. Appx. 123, 125 (3d Cir. 2016). Indeed, identifying the most applicable listing is within the "realm of the ALJ's expertise" and requiring the ALJ to identify the relevant listings "is consistent with the nature of Social Security disability proceedings." *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 120 n. 2 (3d Cir. 2000). Given that these proceedings are "inquisitorial rather than adversarial" in nature and because "it is the ALJ's duty to investigate the facts and develop the

---

[2] Ritter includes a few sentences urging that the ALJ's determination that she did not meet Listing 11.14 was erroneous because she has shown that she has "disorganization of motor function of the lower extremities confining her to her wheelchair." *See* ECF Docket No. 12, p. 12. Ritter alleges that she uses a cane, that she cannot walk a block at a reasonable pace or on rough surfaces, and that she has had this condition since 2013. *Id*. This is the wrong standard. The "question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings …. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Secy'. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401 (1971))." *Hundley v. Colvin*, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016). Here, I find that substantial evidence supports the ALJ's findings that Ritter was able to walk without an assistive device. (R. 23, 359, 360, 363, 405-06). As such, it does not matter if substantial evidence also supports Ritter's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

arguments both for and against granting benefits," the responsibility for identifying the relevant Listings is appropriately placed on the ALJ. *See Sims v. Apfel*, 530 U.S. 103, 120 S. Ct. 2080 (2000).

As an initial matter then, I agree that the ALJ should have addressed Listing 12.11 in this context. Certainly, record evidence in this case supports Ritter's claim that she has a learning disorder or borderline intellectual functioning. (R. 19, 22). The ALJ's analysis in this regard was deficient. He failed to identify and consider this Listing. Nevertheless, the Third Circuit Court has stated that such a deficiency can, in certain cases, constitute a harmless error. *See Rivera v. Comm'r. of Soc. Sec.*, 164 Fed. Appx. 260, 263 (3d Cir. 2006). "Harmless error exists in this context when, for example, a reviewing court examines the evidence at issue and finds 'abundant evidence supporting the [ultimate] position taken by the ALJ, and comparatively little contradictory evidence.'" *Wiberg v. Colvin*, Civ. No. 11-494, 2014 WL 4180726, at * 17 (D. Del. Aug. 22, 2014), *quoting, Rivera*, 164 Fed. Appx. at 263. *See also, Rosa v. Comm'r. of Soc. Sec.*, Civ. No. 12-5176, 2013 WL 5322711, at * 7-8 (D. N.J. Sept. 20, 2013). After careful review, I agree with the Defendant that the ALJ's failure to address Listing 12.11 constitutes harmless error.

Both Listing 12.05[3] and Listing 12.11 require an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: understand, remember or apply information; or interact with others; or concentrate, persist, or maintain pace; or adapt or manage oneself. The ALJ concluded that Ritter has only "moderate" limitations

---

[3] Listing 12.05 is met when the requirements in paragraphs A or B are met. Of relevance here, the ALJ concluded that Ritter failed to meet the requirements of paragraph B. (R. 19-20) Listing 12.11 is met when the requirements in paragraph A and B are met.

with respect to understanding, remembering, or applying information. (R. 19) He explains that, although she contends she is limited in memory, in completing tasks, and in following instructions, she reports that she takes care of cats, counts change, pays bills, and finishes what she starts. (R. 19) Similarly, the ALJ found she has only "moderate" limitations with respect to interacting with others. (R. 20) Again, although Ritter testified that she has no friends, the ALJ cited to Ritter's testimony that she "goes outside every day, is able to go out alone, shops in stores, spends time with others daily, has no problems getting along with others and gets along with authority figures 'well'." (R. 20) With regard to concentrating, persisting, or maintaining pace, the ALJ concluded that Ritter has only "moderate" limitations. (R. 20) He cited to her reports that she "takes care of cats, prepares meals, drives, is able to count change and pay bills, watches movies and finishes what she starts." (R. 20) Finally, as for adapting or managing oneself, the ALJ found Ritter had only "mild" limitations. (R. 20) In support of this conclusion the ALJ referenced Ritter's report that she prepares meals, completes household chores, is independent with respect to her personal care, is able to pay bills, and handles stress and changes in routine "well." (R. 20) Although the ALJ made these conclusions within the context of Listing 12.05, given that the requirements are identical with respect to Listing 12.11, there is substantial evidence indicating that Ritter could not have satisfied the requirements of Listing 12.11.[4] Consequently, any error

---

[4] In so holding, I note that Ritter did not challenge the ALJ's findings under Listing 12.05. Nor did Ritter make a meaningful argument under Listing 12.11. With respect to the "B" criteria at issue, Ritter devotes only one sentence: "Plaintiff also meets the B. criteria according to the findings of Dr. Miller (R. 349-350) and Dr. Groves. (R. 381)." *See* ECF Docket No. 12, p. 12. This argument is undeveloped. "[I]t is not the responsibility of the Court to construct or develop arguments for a party; therefore, this argument fails, and we will address it no further." *Miranda v. Berryhill*, Civ. No. 18-55, 2018 WL 7001904, at * 8 (M.D. Pa. Dec. 4, 2018), *citing, Loewen v. Berryhill*, 707 Fed. Appx. 907-908 (9th Cir. 2003) (memorandum opinion), *citing Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (the court does not need to address arguments that were made without

committed by the ALJ in conducting the step three analysis is harmless and does not require a remand.

(2) Residual Functional Capacity

As stated above, in formulating Ritter's residual functional capacity, the ALJ concluded that she had the residual functional capacity to perform light work with certain restrictions. (R. 20-25) In reaching this conclusion, the ALJ assessed and gave weight to the opinions of various medical professionals. The amount of weight to be accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.*, § 404.1527(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical

---

specificity); *Indep. Towers of Wash v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (the court cannot construct arguments for an appellant, and it will only examine issues specifically and distinctly argued in an appellant's brief).

opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. *Id.*, § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.*, § 404.1527(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), *quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec. Admin.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 404.1527(d)(1), (3); *Dixon v. Comm'r of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc.*

*Sec.*, 577 F.2d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

Ritter objects to the ALJ's assessment of Rabinovich's opinion. Ritter presented to Rabinovich, for a consultative physical examination in June of 2015. Rabinovich opined that Ritter could lift and carry up to 10 pounds continuously, up to 20 pounds frequently, and up to 50 pounds occasionally. (R. 362) He also found that Ritter could sit for 3 hours at one time, and for a total of six hours; stand for 30 minutes at one time, and for a total of 1 hour; and walk for 30 minutes at one time, and for a total of 1 hour. (R. 363) He concluded that Ritter did not need a cane to ambulate and that she could operate foot controls continuously with both feet. (R. 363-64) He found Ritter able to occasionally climb stairs and ramps, but opined that she should never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl. (R. 365) He opined that Ritter can shop, travel without a companion for assistance, ambulate without using a wheelchair, walker, or 2 canes or 2 crutches, use standard public transportation, climb a few steps at a reasonable pace with the use of a single hand rail, prepare a simple meal and feed herself, care for her personal hygiene, and sort, handle and use paper / files. (R. 367) However, he found that she could not walk a block at a reasonable pace on rough or uneven surfaces. (R. 367)

The ALJ gave "little weight" to a medical source statement proffered by Dr. Rabinovich. (R. 24) He explained that Rabinovich's "determination that the claimant is significantly limited in walking and standing is inconsistent with his own examination of the claimant that was generally normal." (R. 24) He added that Rabinovich's opinion is "not supported by the evidence and is not consistent with the record as a whole." (R. 24) These are appropriate reasons for discounting evidence. See 20 C.F.R. § 404.1527; 416.927. Based upon the same, I am able to conduct a proper and meaningful review. I further find the reasons the ALJ provided in weighing Dr. Rabinovich's opinions were explained sufficiently and well-supported by substantial evidence of record. For instance, during the exam, Ritter explained that she cooks, cleans, does laundry, shops, is independent with respect to her personal care, and likes to listen to the radio and socialize with friends. (R. 359) Rabinovich noted that Ritter did not appear to be in acute distress and had "no problem walking and rising from the chair." (R. 359) She came in a wheelchair but needed no help changing for the exam or getting on and off the exam table. (R. 359) She had an antalgic gait, negative straight leg raising, mild swelling and tenderness in both her left and right ankles, 5/5 strength in upper and lower extremities, no evidence of muscle atrophy, and no cyanosis, clubbing or edema. (R. 359-60) In assessing Ritter's mental status, Rabinovich noted that:

> The claimant shows evidence of impairment in judgment. She things that she could not walk because of her neuropathy. She thinks that her medical situation is very severe and this is why she needs to use a wheelchair. Actually, on physical exam, she has no problem walking without any devices.

(R. 360)[5]

---

[5] Ritter contends that "[t]he standing and walking of one hour each in an eight hour work day are medically supported by Dr. Rabinovich's internal medical examination...." *See* ECF Docket No. 12, p. 19.  This contention is

Ritter also takes issue with the ALJ's assessment of Dr. Santilli's opinion. Dr. Santilli, a state agency psychologist, completed a mental residual functional capacity assessment in May of 2015. (R. 74-76) After reviewing the records, Dr. Santilli concluded:

> [t]he claimant's ability to understand and remember complex or detailed instructions is limited, however, she would be expected to understand and remember simple, one and two-step instructions. She is able to carry out very short and simple instructions. She is able to maintain concentration and attention for extended periods of time. She would not require special supervision in order to sustain a work routine. She is capable of asking simple questions and accepting instruction and is self-sufficient. She should be able to function in production oriented jobs requiring little independent decision making. She seems to have some limitations in coping with work stress and public contact. She retains the ability to perform repetitive work activities without constant supervision. Based on the evidence of record, the claimant's statements are found to be partially credible. … It appears that the examining psychologist relied heavily on the subjective report of symptoms and limitations provided by the claimant. However, the totality of the evidence does not support the claimant's subjective complaints. Therefore, the report submitted is given appropriate weight in this assessment.

(R. 76) The ALJ gave Dr. Santilli's opinion "great weight." (R. 25) He acknowledged that Santilli did not examine Ritter, but recognized that, as a state agency consultant, she is a highly qualified expert in the evaluation of medical issues in disability claims under the Social Security Act. (R. 25) He further found Santilli's conclusions to be supported by Ritter's conservative treatment history, supported by the evidence, and consistent with the record as a whole. (R. 25) Again, these are appropriate reasons for discounting evidence. See 20 C.F.R. § 404.1527; 416.927. Further, they are supported by substantial evidence of record. As set forth above, Ritter's daily activities are consistent

---

the basis of the argument that the ALJ failed to "adequately explain the inconsistencies between Dr. Rabinovich's findings and Dr. Fox's findings." *Id*. For the reasons set forth above, substantial record evidence supports the ALJ's conclusion that Dr. Rabinovich's restrictions on standing and walking should be given "little weight."

with Santilli's conclusions. Ritter testified that she is able to count change, pay bills, gets along with others, gets along with authority figures "well," and is able to finish what she starts. (R. 19-20)

It is well-established that the Court cannot reweigh the evidence. Because the ALJ has sufficiently explained his decision, the decision is in accordance with the law, and the decision is supported by substantial evidence of record, I find that the ALJ did not err in this regard. Consequently, remand is not warranted on this basis.

(3) Hypothetical Questions

Ritter also charges the ALJ with errors regarding the formulation of hypothetical questions. Specifically, Ritter contends that the hypotheticals do not adequately address her intellectual disorder, or her need for a wheelchair. However, as set forth above, the ALJ's formulation of the RFC, and the discounting of expert testimony regarding her intellectual and physical impairments is supported by substantial evidence of record. It is well-settled that the law only requires the ALJ to include in hypotheticals posed to vocational experts those limitations which are supported by the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) and *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). The RFC adequately reflects Ritter's limitations. The ALJ posed a question to the VE which accurately encompassed Ritter's limitations[6] and the VE responded that there existed jobs in significant numbers within the national economy

---

[6] At step three the ALJ determined that Ritter had moderate limitations in concentration, persistence or pace. (R. 20) In the RFC and the hypothetical posed to the VE, the ALJ limited Ritter to SVP 1 and 2 jobs, and to simple, routine and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes. (R. 20, 61-62) These restrictions adequately account for her moderate limitations in concentration, persistence or pace. *See McDonald v. Astrue*, 293 Fed. Appx. 941, 946-48 (3d Cir. 2008); *Menkes v. Astrue*, 262 Fed. Appx. 410, 412-12 (3d Cir. 2008); *Padilla v. Astrue*, Civ. No. 10-4968, 2011 WL 6303248, at * 10 (D. N. J. Dec. 15, 2011); *Watson v. Colvin*, Civ. No. 12-552, 2013 WL 5295708, at * 5 (W.D. Pa. Sept. 18, 2013); and *Polardino v. Colvin*, Civ. No. 12-806, 2013 WL 4498981, at * 3 (W.D. Pa. Aug. 19, 2013).

that Ritter could perform. As such, the ALJ's conclusion at step five that Ritter was not disabled within the meaning of the Act was proper and is supported by substantial evidence of record.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA L. RITTER                      )
        Plaintiff,              )
                                    )
  -vs-                            )      Civil Action No. 18-893
                                    )
NANCY A. BERRYHILL,                 )
ACTING COMMISSIONER OF SOCIAL       )
SECURITY,                           )
                                    )
      Defendant.          )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 24th of April, 2019, it is hereby ORDERED that the Plaintiff's

Motion for Summary Judgment (Docket No. 11) is DENIED and the Defendant's Motion

for Summary Judgment (Docket No. 13) is GRANTED. It is further ORDERED that the

ALJ's decision is AFFIRMED. This case shall be marked "Closed" forthwith.

                                BY THE COURT:

                                /s/ Donetta W. Ambrose
                                Donetta W. Ambrose
                                United States Senior District Judge